UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 1:20-cr-10114-IT |
| | * | |
| MARIETTA STRICKLAND, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

December 13, 2022

TALWANI, D.J.

Pending before the court is Defendant Marietta Strickland's Emergency Motion for Compassionate Release [Doc. No. 57].[1] For the following reasons, the motion is DENIED.

I.   **Legal Standard**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Under 18 U.S.C. § 3582(c)(1)(A), however, a district court is authorized to grant a motion for compassionate release under certain circumstances.

Until 2018, only the director of the Bureau of Prisons ("BOP") was authorized to file such a motion on a defendant's behalf. See 18 U.S.C. § 3582(c)(1)(A) (2017) (authorizing the court to grant a sentence reduction "[u]pon motion of the Director of the Bureau of Prisons"). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended section 3582(c)(1)(A)

---

[1] On November 23, 2022, the court denied the Emergency Motion [Doc. No. 57] in part to the extent that Strickland sought release that same day, finding an insufficient basis for emergency relief. See Elec. Order [Doc. No. 58].

to allow a defendant to file such a motion directly, after submitting a request to the warden of the facility that was denied or not responded to within thirty days. 18 U.S.C. § 3582(c)(1)(A) (the court may modify an imposed term of imprisonment on motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.")

The statute requires further that the court find "extraordinary and compelling reasons" for a sentence reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. The Sentencing Commission, however, was without a voting quorum for more than three years— nearly the entire period since the First Step Act became law—and has not yet amended its policy statement[2] to reflect the statutory change allowing defendants to file such motions. See United States v. Ruvalcaba, 26 F.4th 14, 20 (1st Cir. 2022). Given those circumstance, the First Circuit recently concluded that "a district court is not constrained by the existing policy statement on compassionate release when adjudicating a motion brought by a prisoner." Id. at 21. This does not mean, however, that the court's discretion is unlimited; rather, the court's "discretion remains circumscribed by statutory standards, which obligate [it] to find a reason that is both 'extraordinary and compelling.'" Id. at 23. "[M]oreover, the current policy statement—though not 'applicable'—nonetheless may serve as a non-binding reference." Id.

---

[2] That policy statement provides four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances; or (D) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n.1.

## II.     Discussion

Strickland is serving a fifteen-month sentence for tampering with a consumer product, in violation of 18 U.S.C. § 1365(a)(4). Judgment [Doc. No. 52]; Information [Doc. No. 1]. She is scheduled to complete the last six weeks of her sentence (December 24, 2022, through February 6, 2023) on home confinement. Mot. 13 [Doc. No. 57]; Opp. 2 [Doc. No. 59]. Strickland seeks a reduction of her sentence to time served, or alternatively, an order allowing her to serve any remaining portion of her sentence on home confinement, effective immediately.

As an initial matter, Strickland has not exhausted her administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). According to her Motion [Doc. No. 57], Strickland submitted her request for compassionate release to the warden at FCI-Danbury on November 22, 2022, a day before she filed the pending motion. She asks the court to waive the requirements because she is set to be released to home confinement on December 24, 2022, thirty-one days after she filed her motion. See Mot. 8 [Doc. No. 57]. While the court has discretion to waive the thirty-day waiting period "based on exigent circumstances," United States v. Guzman Soto, 2020 WL 1905323, at *5 (D. Mass. Apr. 17, 2020), no such circumstances exist here. Strickland has offered no explanation as to why she could not have complied with the exhaustion requirements earlier, and the court finds no exigent circumstances to waive the 30-day waiting period.

Even if the exhaustion requirements were waived, Strickland has not sufficiently demonstrated "extraordinary and compelling reasons" to warrant early release onto home confinement. She contends that release is warranted based on an alleged lack of treatment for her spinal stenosis while in BOP custody, the worsening of her health, her five-week quarantine at FCI-Danbury, and the lack of programming at Coolidge House, where she has been since October 18, 2022. Mot. 2, 10, 11, 14 [Doc. No. 57]. Using the current Sentencing Commission

policy statement as a guide, the court considers whether any of these reasons may be considered "extraordinary and compelling" and, if so, whether Strickland has made a sufficient showing to warrant a sentence reduction.

When considering a medical condition, the Sentencing Commission Guidelines list as factors for consideration whether the defendant "is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or whether the defendant is "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process" and those conditions or impairments "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

Although spinal stenosis is a serious medical condition, Strickland's sealed medical records [Doc. No. 62], as attached to the Government's Opposition [Doc. No. 59], demonstrate treatment of her spinal stenosis while in BOP custody. Further, Strickland has not presented any evidence that she has been denied treatment while housed at Coolidge House, or that she will be prevented from receiving treatment once she is transferred to home confinement under BOP supervision on December 24, 2022. Further, to the extent that Strickland seeks release based on COVID quarantine protocols, Strickland has not sufficiently demonstrated that these policies negatively impacted her health to the extent that warrants early release.

Moreover, Strickland's original fifteen-month sentence already represented a large downward variance from the guideline provisions of sixty-three to seventy-eight months and the government's recommendation of fifty-one months. That variance took into account most, if not all, of the same factors raised in her motion.

In sum, Strickland has not met her burden of establishing "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A)(i).

## III.     Conclusion

For the forgoing reasons, Strickland's <u>Emergency Motion for Compassionate Release</u> [Doc. No. 57] is DENIED.

IT IS SO ORDERED.

December 13, 2022                               /s/ Indira Talwani
                                                United States District Judge